IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>Angela Redd | In Proceedings<br>Under Chapter 13 |
| Debtor(s). | |
| RUSSELL C. SIMON, Chapter 13 Trustee, | Bk. No.: 13-30021 |
| Plaintiff, | |
| vs. | Adv. No.: |
| CASH IN A WINK, INC.<br>Defendants. | |

## TRUSTEE'S COMPLAINT TO RECOVER PREFERENTIAL TRANSFER

COMES NOW, RUSSELL C. SIMON, Chapter 13 Trustee, by and through his Staff Attorney, Tiffany M. Cornejo, and in support of his Complaint to Recover Preferential Transfer, states as follows:

**JURISDICTION**:

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      Venue is properly in this Court pursuant to 28 U.S.C. § 1409.

3.      This Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**PARTIES**:

4.      The Debtor sought relief under Title 11 of the United States Code, Chapter 13 on January 7, 2013.

5.      Cash in a Wink is a general unsecured creditor, a party in interest, and the recipient of the preferential transfer, and is named in this capacity, and may be served Summons and Complaint via Registered Agent, Delaware Business Incorporators, Inc. at 3422 Old Capital Trail, Ste. 700, Wilmington, DE 19808.

6.      Russell C. Simon is the Chapter 13 Trustee of the above-captioned bankruptcy proceeding, and commences this proceeding in this capacity.

**PLAINTIFF'S CLAIM(S):**

7.      Included in paragraph 3a of her Statement of Financial Affairs, the Debtor list(s) fund(s)

transferred in the amount of $1,270.00 on or about December 28, 2013.

8.      That 11 U.S.C. § 547(b) provides:

>        The Trustee may avoid any transfer of an interest of the debtor in property –
>        (1)      to or for the benefit of a creditor;
>        (2)      for or on account of an antecedent debt owed by the debtor before such
>                 transfer was made;
>        (3)      made while the debtor was insolvent;
>        (4)      made –
>                 (A)      on or within 90 days before the date of filing the petition; or
>                 (B)      . . .
>        (5)      that enables such creditor to receive more than such creditor would
>                 receive if—
>                 (A)      the case were a case under a Chapter 7 of this Title;
>                 (B)      the transfer had not been made; and
>                 (C)      such creditor received payment of such debt to the extent
>                          provided by the provisions of this Title.

9.      The Trustee is informed and asserts that:

   a.      Cash in a Wink is a creditor;

   b.      the transfer was made on account of an antecedent debt;

   c.      the transfer was made while the debtor was insolvent;

   d.      the transfer was made within 90 days before the date of filing the petition; and

   e.      the transfer enabled Cash in a Wink to receive more than it would have if:
           (a)      the case were a case under a Chapter 7 of this Title;
           (b)      the transfer had not been made; and
           (c)      such creditor received payment of such debt to the extent provided by the
                    provisions of this Title.

10.     The Trustee seeks recovery of the amount(s) transferred.

Wherefore, the Trustee prays this Court for Judgment avoiding the preferential transfer from

debtors to Cash in a Wink, and for all other relief this Court deems just and equitable.

DATED: September 10, 2013

                                        /s/Tiffany M. Cornejo
                                        TIFFANY M. CORNEJO, ARDC #6296136
                                        RUSSELL C. SIMON, Trustee
                                        Chapter 13 Trustee
                                        33 Bronze Pointe, Suite 110
                                        Swansea, IL 62226

Telephone: (618) 277-0086
Telecopier: (618) 234-0124
tiffanyc@simonch13trustee.com